## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MALIBU MEDIA, LLC,**

        **Plaintiff,**

**vs.**                                                        **Case No. 8:13-CV-2669-T-35EAJ**

**JOHN DOE subscriber assigned IP
address 70.110.77.218,**

        **Defendant.**

_____/

### ORDER

Before the Court are Plaintiff's **Motion For Leave To Serve A Third Party Subpoena Prior To A Rule 26(f) Conference** (Dkt. 5) and Plaintiff's **Memorandum of Law in Support** (Dkt. 5 Ex. 1). Plaintiff Malibu Media, LLC ("Plaintiff") alleges copyright infringement by an unnamed John Doe defendant ("Doe Defendant"), known only by the Internet Protocol ("IP") address 70.110.77.218. Here, Plaintiff seeks leave to issue a Rule 45 subpoena to Doe Defendant's Internet Service Provider ("ISP")[1] to obtain Doe Defendant's name and other identifying information.

Plaintiff claims that Doe Defendant illegally downloaded 158 of its adult films (the "Works") from November 27, 2012 through September 26, 2013 using a BitTorrrent file sharing protocol.[2] Although Plaintiff was able to determine the IP address involved in the infringing conduct through a forensic investigation, Plaintiff contends that it requires additional information from the ISP to link the IP address with the individual holding the account.

_____

[1] The ISP is Verizon FiOS. (Dkt. 5 Ex. 1 at 3)

[2] Plaintiff attached to its complaint a list of the Works, specifying the dates and times of the allegedly infringing activity connected to Doe Defendant's IP address. (Dkt. 1 Ex. 2)

Discovery is normally prohibited before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1).[3] However, in cases involving infringement via the internet, courts typically find good cause to permit discovery prior to the Rule 26(f) conference "where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference." UMG Recordings, Inc. v. Doe, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. 2008) (citations omitted).

To assert a prima facie claim of copyright infringement, Plaintiff has to show that: (1) it owns a valid copyright in the works allegedly infringed; and (2) defendants copied protected elements from those works. See Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters., 533 F.3d 1287, 1300 (11th Cir. 2008) (citation omitted). In this case, Plaintiff has alleged ownership of copyright in the Works and submitted supporting evidence of infringement, establishing a prima facie case of copyright infringement.[4] Plaintiff further explains that it has no other means to obtain Doe Defendant's identifying information because ISPs are the only entities that possess the data. Plaintiff also states that ISPs routinely destroy the activity logs that link IP addresses with named individuals.

The Court finds that Plaintiff has established good cause for discovery prior to a Rule 26(f)

---

[3] Federal Rule of Civil Procedure 26 provides:

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed. R. Civ. P. 26(d)(1).

[4] Plaintiff provided a list of its copyright registration numbers, dates of first publication, and registration dates as an exhibit to its complaint. (Dkt. 1 Ex. 3)

conference.  Plaintiff has identified Doe Defendant with specificity by providing the IP address, dates and times of the alleged infringement, and the ISP for Doe Defendant's IP address.  Because only ISPs can connect a given IP address with a named individual, Plaintiff has no other means to uncover Doe Defendant's identity.  Additionally, because many ISPs destroy their records after a limited time, Plaintiff has demonstrated a need for the discovery as it may be unable to pursue its infringement case if it does not timely obtain Doe Defendant's identifying information.  Moreover, without identifying Doe Defendant, Plaintiff cannot issue a summons and serve Doe Defendant. Without participation by Doe Defendant, a Rule  26(f) conference would be futile.

## Procedural protections

However, the person registered to any given IP address may not be the same individual who engaged in alleged infringing activity.  There is a risk that a non-infringing party may be identified and served.  As one court observed: "Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed." SBO Pictures, Inc. v. Does 1–3036, No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011) (internal quotation and citation omitted).

The sensitive subject matter at issue also must be taken into consideration.  "It would be unrealistic to ignore the nature of plaintiffs' allegations – to wit: the theft of pornographic films – which distinguish these cases from garden variety copyright actions." In Re BitTorrent Adult Film Copyright Infringement Cases, Nos.  11-3995(DRH)(GRB),  12-1147(JS)(GRB),  12-1150(LDW)(GRB), 12-1154(ADS)(GRB), 2012 WL 1570765, at *10 (E.D. N.Y. May 1, 2012). The privacy interests of those potential non-infringing parties cannot be ignored.  At the same time, privacy concerns are not a reason to deny Plaintiff access to the discovery because Plaintiff cannot

proceed in its case without it.  Therefore, certain procedural protections are warranted before any identifying information is made public.

Accordingly, and upon consideration, it is **ORDERED and ADJUDGED** that:

(1)    Plaintiff's Motion For Leave To Serve A Third Party Subpoena Prior To A Rule 26(f) Conference (Dkt. 5) is **GRANTED in part and DENIED in part** as set forth in this Order.[5]

(2)    Plaintiff may serve the ISP identified in its motion with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Doe Defendant identified in the Complaint. Plaintiff may also serve a Rule 45 subpoena on any ISP identified in response to a subpoena as a provider of internet services to Doe Defendant.  Plaintiff shall attach a copy of the Complaint (Dkt. 1) and this Order to any subpoena(s) issued pursuant to this Order.

(3)    An ISP shall have twenty-one (21) days from service of the subpoena to notify Doe Defendant that his or her identifying information is being sought pursuant to a Rule 45 subpoena.  An ISP shall provide a copy of this Order with the notification.

(4)    Doe Defendant shall have fourteen (14) days from the date of notification to move to quash or otherwise object to Plaintiff's subpoena.

(5)    An ISP shall produce the information sought to Plaintiff no later than twenty-one (21) days after notification to Doe Defendant pursuant to paragraph three (3) above.

(6)    Plaintiff shall use the information obtained pursuant to the subpoena only for the

---

[5] The Court declines to adopt Plaintiff's proposed order as submitted. (Dkt. 5 Ex. 6)

purpose of protecting and enforcing Plaintiff's rights as set forth in the Complaint.

(7)     Additionally, Plaintiff shall adhere to the following procedures:

      a.     In all written or oral communications with Doe Defendant, Plaintiff's attorneys shall identify themselves as representing Plaintiff and not representing the interests of Doe Defendant and must inform Doe Defendant that any statements made by Doe Defendant may be used against Doe Defendant;

      b.     If Doe Defendant contacts Plaintiff, Plaintiff shall inform Doe Defendant of his/her right to hire legal counsel for representation in this matter;[6]

      c.     At any time, Doe Defendant may inform Plaintiff by phone or written communication that he or she does not want any further communication with Plaintiff until Plaintiff serves Doe Defendant in this matter; and

      d.     Plaintiff must notify in writing Doe Defendant, or his or her counsel if represented, of Plaintiff's intent to name and serve Doe Defendant at least fourteen (14) days prior to seeking issuance of a summons from the Clerk for the identified Doe Defendant.

(8)     The subpoenaed ISP shall preserve any subpoenaed information pending the

---

[6] A civil litigant does not have an absolute right to  appointment of counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). "The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id.

resolution of any timely-filed motion to quash.

**DONE AND ORDERED** in Tampa, Florida, this 5th day of November, 2013.


ELIZABETH A JENKINS
United States Magistrate Judge